IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICHARD CARLTON RISHER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 08-2249 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Defendant. ) | |

**ORDER DENYING MOTION FOR NEW TRIAL OR ALTERATION OR AMENDMENT OF JUDGMENT**

    Before the Court is the February 2, 2011 Motion for a New Trial, Altering or Amending Judgment ("Motion") filed by Plaintiff Richard Carlton Risher ("Risher").  (Mot. for a New Trial, Altering or Amending J., ECF No. 77.)  ("Pl.'s Mot.")  Defendant United States of America (the "Government") responded in opposition on February 4, 2011. (Def.'s Resp. Opposing Pl.'s Mot. for New Trial or Alteration of J., ECF No. 78) ("Def.'s Resp.")  Risher replied on March 8, 2011.  (See Pl.'s Resp. to Def.'s Resp., ECF No. 80.)  ("Pl.'s Reply")

    Under Federal Rule of Civil Procedure 59(a)(1)(B), a court may grant a new trial "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed. R. Civ. P. 59(a)(1)(B).  "To constitute proper grounds for granting a new trial, an error,

defect or other act must affect the substantial rights of the parties." Walker v. Bain, 257 F.3d 660, 670 (6th Cir. 2001) (citing Fed. R. Civ. P. 61); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2805 (2d ed. 2010) ("Thus it is only those errors that have caused substantial harm to the losing party that justify a new trial. Those errors that are not prejudicial do not call for relief under Rule 59."). "That is to say, a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice." LiButti v. United States, 178 F.3d 114, 118 (2d Cir. 1999) (citing Arizona v. California, 460 U.S. 605, 618 n.8 (1983)); see also Wright, Miller & Kane, supra, at § 2804 ("A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons."). "Certainly, a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance." LiButti, 178 F.3d at 118-19.

Here, Risher has not demonstrated that the Court's Memorandum Opinion and Order contained any mistakes of fact or

2

errors of law. He argues that the Court should have weighed the evidence differently. (See Pl.'s Mot. 1-4.) In doing so, Risher presents the same argument that this Court has already considered and rejected. (See id.) For the reasons discussed in the Memorandum Opinion and Order, the Court's findings of fact and conclusions of law remain the same. (See Mem. Op. and Order, ECF No. 75.) Based on his demeanor while testifying, contradictions within and implausible statements during his testimony, and evidence suggesting that Risher had not told the truth in the past,[1] Risher was not a credible witness at trial. The Court declines to accept his version of the facts.

Risher's criticisms of several of his attorney's trial decisions, such as not to call a witness or contact a safety expert, are also insufficient to justify a new trial. (See Pl.'s Mot. 2; Pl.'s Reply 3.) As the Second Circuit has suggested, Risher's belief that he could present a better case if afforded a new trial is not sufficient to grant a new trial. See LiButti, 178 F.3d at 118-19. Even if Risher's attorney had not made the decisions Risher criticizes, Risher would have lost because he was at least fifty percent responsible for his fall,

---

[1] For example, a physician who examined Risher in 2002 concluded that Risher exaggerated his symptoms and had "a tendency to give away intentionally on muscle testing in the right foot." (Trial Ex. 25, at 1-2; see Trial Ex. 26, at 1 (stating that "[t]he clinical picture is one of magnification and exaggeration of his symptoms").) A video shown at trial showing Risher using exercise equipment also impeached Risher's testimony about his physical limitations.

3

it was not foreseeable that he would attempt to cross the hole where he did rather than take a safe path at the hole's corner or seek assistance from an officer standing nearby, and he offered no evidence from a medical expert who was "reasonably certain" about the cause of his medical condition. (See Mem. Op. and Order 12-21.) Each reason is independently sufficient to defeat Risher's action. (See id.)

Risher argues that he is disabled under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and that manifest injustice has occurred because the Court applied the wrong standard of review. (See Pl.'s Reply 1-2.) The Court applied the correct standard of review, as discussed in the Memorandum Opinion and Order. Even if the Government had breached its duty to Risher, Risher's claim would fail because of Tennessee's modified comparative fault rule and Risher's lack of evidence on medical causation. (See Mem. Op. and Order 12-15, 17-21.)

The Court's findings of fact and conclusions of law remain the same. Risher has not demonstrated that any proper grounds for granting a new trial exist. He has not demonstrated that any error occurred affecting his substantial rights. See Walker, 257 F.3d at 670. The Court's Memorandum Opinion and Order was not based on a mistake of fact or clear error of law, and refusal to revisit the earlier decision would not work a manifest injustice. LiButti, 178 F.3d at 118. No substantial

4

reason exists to set aside the earlier decision. Risher's motion for a new trial is DENIED.

Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 496 (6th Cir. 2006)). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Wright, Miller & Kane, supra, at § 2810.1; accord Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008). "A motion under Rule 59(e) is not an opportunity to re-argue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

Here, Risher has not demonstrated that the Court made a clear error of law, offered newly discovered evidence, or argued that an intervening change in controlling law has occurred. Alteration or amendment of the judgment dismissing Risher's action on the merits is not necessary to prevent manifest

injustice.  Risher's Motion seeks to relitigate old matters by presenting arguments that this Court has already considered and rejected in its Memorandum Opinion and Order.  Risher has not demonstrated that alteration or amendment of the judgment dismissing his action would be appropriate.  See Betts, 558 F.3d at 474.  Therefore, Risher's motion for alteration or amendment of the judgment is DENIED.

    So ordered this 28th day of April, 2011.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR
                                        UNITED STATES DISTRICT JUDGE